UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FITNESSAGE SERVICES. INC., a Nevada corporation,

Plaintiff,

v.

POLAR ELECTRO, INC., a New York corporation,

Defendant.

Case No. 2:11-cv-01444-MMD-GWF

ORDER

I.    INTRODUCTION

This Order presents the Court's construction of the parties' proposed disputed claim terms.  The Court has reviewed the parties' claim construction briefs (dkt. nos. 21, 24, 25, 26) and considered arguments presented at the *Markman* hearing on January 21, 2014.

Plaintiff FitnessAge Services, Inc. ("FitnessAge") asserts a single claim for infringement of its patent-in-suit, U.S. Patent No. 6,010,452 ("the '452 patent"), entitled "Article, System and Method for Determining a Fitness Age for an Individual."  (Dkt. no. 1 ¶ 6.)  Plaintiff alleges that defendant Polar Electro, Inc. ("Polar") infringes on claim 4 of the '452 patent.  (*Id.*)

The parties disagree as to the number of claim terms requiring construction.  Plaintiff identifies four (4) terms for construction (dkt. no. 21-1), while Defendant presents fourteen (14) terms for construction (dkt. no. 21-2.)  At the *Markman* hearing,   Polar

1   concedes that two of its proposed terms, nos. 11 and 12 ("an overall corresponding

2   fitness age" and "determined overall fitness age"), are terms on which the parties agree

3   (dkt. no. 21).   Defendant also acknowledges that while it identifies four separate claim

4   terms for construction (see dkt. no. 21-2, claim nos. 6-9), the Court's construction of one

5   of the terms applies to all four terms. The parties also agree that the claim term

6   "determining" should be construed to mean "calculating." (Dkt. no. 46 at 53–55.) This

7   concession resolves the dispute relating to Defendant's proposed construction of the

8   term "determining." (See dkt. no. 21-2, claim no. 10.) After comparing and consolidating

9   the parties' proposed claim terms and setting aside terms that the parties agree on and

10  terms that are essentially duplications, seven (7) claim terms require the Court's

11  construction.

12          The parties did not offer any extrinsic evidence and acknowledge they do not rely

13  on any extrinsic evidence to support their proposed construction.  The Court thus has not

14  considered or referred to any extrinsic evidence.

15  **II.    LEGAL STANDARD**

16          Patent claim construction is a question of law for the Court. *Markman v. Westview*

17  *Instruments, Inc.*, 517 U.S. 370, 372 (1996).  When interpreting claims, a court's primary

18  focus should be on the intrinsic evidence of record, which consists of the claims, the

19  specification, and the prosecution history. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314-

20  17 (Fed. Cir. 2005) (en banc).  The court should begin by examining the claim language.

21  *Id.* at 1312.  Claim language should be viewed through the lens of a person of "ordinary

22  skill in the relevant art at the time of the invention." *SanDisk Corp. v. Memorex Prods.,*

23  *Inc.*, 415 F.3d 1278, 1283 (Fed. Cir. 2005).  If the claim language is clear on its face,

24  then consideration of the other intrinsic evidence is limited "to determining if a deviation

25  from the clear language of the claims is specified." *Interactive Gift Express, Inc. v.*

26  *Compuserve Inc.*, 256 F.3d 1323, 1331 (Fed. Cir. 2001).

27          A court should give the claim's words their "ordinary and customary meaning."

28  *Phillips*, 415 F.3d at 1312-13 (quotation omitted).  In construing a claim term's ordinary

1    meaning, the context in which a term is used must be considered. *ACTV, Inc. v. Walt*
2    *Disney Co.*, 346 F.3d 1082, 1088 (Fed. Cir. 2003). Both asserted and unasserted claims
3    of the patent can also add meaning to a disputed claim term as claim terms normally are
4    used consistently throughout the patent. *Phillips*, 415 F.3d at 1314.

5         "When consulting the specification to clarify the meaning of claim terms, courts
6    must take care not to import limitations into the claims from the specification." *Id.*
7    "[A]lthough the specification may well indicate that certain embodiments are preferred,
8    particular embodiments appearing in the specification will not be read into claims when
9    the claim language is broader than such embodiments." *Tate Access Floors, Inc. v.*
10   *Maxcess Techs., Inc.*, 222 F.3d 958, 966 (Fed. Cir. 2000) (quotation omitted). "By the
11   same token, the claims cannot enlarge what is patented beyond what the inventor has
12   described in the invention." *Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282, 1288 (Fed. Cir.
13   2009) (internal quotation omitted).

14        Pursuant to the definiteness requirement in Section 112 of the Patent Act, "[t]he
15   specification shall conclude with one or more claims particularly pointing out and
16   distinctly claiming the subject matter which the applicant regards as his invention." 35
17   U.S.C. § 112, ¶ 2. Whether a claim satisfies this requirement is a matter of law
18   determined by the court construing the patent claims. *Datamize, LLC v. Plumtree*
19   *Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005) (*citing* 35 U.S.C. § 112, ¶ 2). "[T]he
20   purpose of the definiteness requirement is to ensure that the claims delineate the scope
21   of the invention using language that adequately notifies the public of the patentee's right
22   to exclude." *Id.* Thus, the standard for determining indefiniteness is whether "the claims
23   at issue are sufficiently precise to permit a potential competitor to determine whether or
24   not he is infringing." *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1375
25   (Fed. Cir. 2001) (quotation and alteration omitted). However, because of the statutory
26   presumption of patent validity, claim terms are considered invalid for indefiniteness "only
27   if reasonable efforts at claim construction prove futile." *Id.* Clear and convincing evidence
28   therefore must be shown to invalidate a patent. *Datamize*, 417 F.3d at 1348.

III.    **DISCUSSION**

   A.    **Claim 4**

   In sum, the parties dispute seven (7) claim terms in claim 4. The following is claim 4 with the disputed terms highlighted:

   A system for determining an overall fitness age for an individual as determined by at least a selected plurality of fitness parameters of (i) heart recovery rate, (ii) flexibility, (iii) strength and (iv) body composition comprising:
   a data processor including at least a plurality of,
   (i)    a first data structure containing data correlating heart recovery rate to an assigned heart recovery fitness age,
   (ii)    a second data structure containing data correlating flexibility to an assigned flexibility fitness age,
   (iii)    a third data structure containing data correlating strength to an assigned strength fitness age, and
   (iv)    a fourth data structure containing data correlating body fat composition to an assigned body composition fitness age, data input means for inputting data into the processor data corresponding to physically measured parameters of the individual of heart recovery rate, flexibility, strength and body fat composition, said processor from said inputted data determining an overall corresponding fitness age for the individual; and
   means for displaying the determined overall fitness age.

(Dkt. no. 24-1.)

   B.    **Claim Construction**

   Summaries of the parties' proposed construction of each disputed terms are presented in comparison charts below. The Court will address each of the disputed terms.

   1.    **"An Overall Fitness Age[1]"**

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| age relative to an individual's physical fitness that can be the same as, less than, or greater than their chronological age | a summation of assigned fitness ages |

---

[1]While Plaintiff had proposed that the Court construe "fitness age," at the *Markman* hearing Plaintiff concedes that there is no difference between "fitness age" and "overall fitness age" and the two terms are used interchangeably. (*See* dkt. no. 46 at 7.) The Court also agrees with Defendant that "fitness age" is a part of other claim terms and should not be construed in isolation.

Plaintiff argues that its proposed construction is supported by the specification and offers certain excerpts from the specification that reference "chronological age."  For example, Plaintiff offers the excerpt:   "Using the displayed overall fitness age, the individual can gauge their overall status of the physical fitness by comparing their fitness age to their chronological age." (Dkt. no. 24 at 12.)  The cited excerpt goes on to provide an example of a 60-year-old individual who may have a fitness age of 45. Plaintiff argues that Defendant's proposed construction suffers from two primary defects.     First, Defendant's proposed construction improperly imports the limitation that "overall fitness age" is a "summation" of assigned fitness factors from the specification to the claim.[2] Second, the term "summation" is misleading because the overall fitness age is not limited to a specific formula and the term suggests the addition of fitness ages when the formula given by the preferred embodiment gives different weights to the various fitness parameters.   According to Plaintiff, it is not necessary to break down each factor as Defendant has done in its proposed construction because claim 4 specifies that the overall fitness age is calculated using the fitness parameters.

Defendant counters that Plaintiff's proposed construction creates ambiguity because the first part of the definition — "an age relative to an individual's physical fitness" — is not disclosed in the patent and the second part of the definition — "that can be the same as, less than, greater than the chronological age" — conveys the potential value but does reflect what that value is. Defendant argues that its proposed construction reflects that the various parameters must be "summed together without

---

[2]The pertinent excerpt from the specification states:

> In a preferred embodiment, each of the above-identified parameters of heart recovery fitness age, flexibility fitness age, strength fitness age and body composition fitness age are determined in the overall fitness as calculated according to the following formula:
> Overall fitness = (.30) heart recovery fitness age + (.21) flexibility fitness age + (.21) strength fitness age + (.28) body composition fitness age.

(Dkt. no. 24-1 col. 2:5–13.)

improperly importing limitations of any dependent claims" and is supported by the claims and specification. (Dkt. no. 25 at 11.)  Its construction defines the "overall fitness age" as the sum of the fitness ages without reference to the quantity or the number of fitness ages and is broad enough to cover a weighted summation.

The Court agrees with Defendant that its proposed construction is supported by the claims and specification.  Defendant's proposed construction properly gives meaning to the term based on the calculation used to obtain the overall fitness age, while Plaintiff's proposed construction describes the term without reflecting the teaching of the patent.  As Plaintiff points out in its opening brief (dkt. no. 24 at 7), one of the objects of the invention is "to provide, based upon the measurement of certain physical parameters, a system, method and article to determine the individual's overall fitness age which may be the same as, less than, or greater than their chronological age." (Dkt. no. 24-1 col. 1:41-45.)  Plaintiff's proposed construction may describe the patent but does not reflect its teaching as to how the overall fitness age is obtained.  Defendant's proposed construction reflects the rule that claim terms should be construed based on the breadth of disclosure in the patent. *See, e.g.*, *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998) ("[W]here there are several common meanings for a claim term, the patent disclosure serves to point away from the improper meanings and toward the proper meaning."); *see also 3M Innovative Prop. Co. v. Tredegar Corp.*, 725 F.3d 1315, 1317 (Fed. Cir. 2013) (overturning district court's claim construction where inconsistent with the intrinsic disclosures).

The Court adopts Defendant's proposed construction.

**2.   "processor"/"said   processor   from   said   inputted   data determining   an   overall   corresponding   fitness   age   for   the individual"**

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| any device capable of being used to perform operations on data | Indefinite or in the alternative, a means plus function claim limitation |

///

6

1      The parties disagree as to the term that needs to be construed, whether the claim

2  is indefinite or the term is a means-plus functions clause.

3      Plaintiff argues that the term "processor" does not require a construction, but

4  offers a proposed construction should the Court decide to construe it.   Plaintiff argues

5  that its proposed construction reflects the ordinary meaning of the word "processor."

6  Plaintiff disputes Defendant's argument that the phrase is a means-plus-functions clause

7  or is indefinite.

8      Defendant argues that Plaintiff's proposed construction ignores the rest of the

9  claim element, which recited a certain function: "said inputted data determining an

10  overall corresponding fitness age for the individual."   Defendant argues that the phrase

11  "said processor from said inputted data determining an overall corresponding fitness age

12  for the individual" is indefinite because the claims and specification do not define or

13  provide any teaching relating to this term. Defendant argues that construing the term

14  "processor" in the manner proposed by Plaintiff to cover all general purpose "processors"

15  would: (1) render the claim invalid; (2) ignore the functional language "from said inputted

16  data determining an overall corresponding fitness age for the individual;" and (3) allow

17  the claim to assume a scope beyond that disclosed in the specification, which discloses

18  a particular algorithm for the processor. Defendant contends for the term not to be

19  indefinite, it would have to be construed as a means-plus-function clause even though

20  the word "means" is absent from the term.

21      To support its allegation of indefiniteness, Defendant carries the burden of

22  demonstrating "by clear and convincing evidence that one of ordinary skills in the

23  relevant art could not discern the boundaries of the claim based on the claim language,

24  the specification, the prosecution history, and the knowledge in the relevant art." *See*

25  *Haemonetics Corp. v. Baxter Healthcare Corp.*, 607 F.3d 776, 783 (Fed. Cir. 2010).

26  Here, the specification provides an example of how the processor can be used to

27  calculate the overall fitness age. Thus, when the claim is read in light of the specification,

28  those skills in the art would understand what is being claimed (as discussed further

below). Construing the term "processor" as proposed by Plaintiff does not render the claim too broad as to be indefinite.  The Court finds that Defendant has not satisfied its burden in establishing that the claim is indefinite.

Given the Court's conclusion that the term is not indefinite, the Court need not construe it as a means-plus-functions clause to rescue the claim from being declared indefinite, as Defendant argues.  Nor is such a construction supported by the patent.  A means-plus-function claim expresses a "means" for performing a specified function, without reciting the structure for performing that function.  35 U.S.C. § 112, ¶ 6.  The use of the "means" language creates a presumption that it is to be construed as a 35 U.S.C. § 112, ¶ 6 means-plus-function claim. *See Callicrate v. Wadsorth Mfg., Inc.*, 427 F.3d 1361, 1368 (Fed. Cir. 2005).  "By contrast, a claim term that does not use "means" will trigger the rebuttable presumption that § 112, ¶ 6 does not apply." *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1358 (Fed. Cir. 2004) (*quoting CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1369 (Fed. Cir. 2002)). This presumption can be overcome by a showing that "the claim term 'fails to recite sufficiently definite structure' or else recites 'function without reciting sufficient structure for performing that function." *Id.*  However, this presumption "is a strong one that is not readily overcome." *Id.*

Defendant has not overcome this strong presumption. The Court agrees with Plaintiff that in the common parlance of software engineering the term "processor" sufficiently designates the structure for determining the overall fitness age.  Defendant argues that the word "processor" is not structure and requires an algorithm to give it structure.  As support, Defendant offers *Aristocrat Tech. Australia PTY Ltd. v. Int'l Game Tech.*, 521 F.3d 1328 (Fed. Cir. 2008), to argue that when a patent discloses a processor or computer programmed to carry out an algorithm, "the disclosed structure is not the general purpose computer, but rather the special purpose computer programmed to perform the disclose algorithm."  (Dkt. no. 25 at 22.)  However, Defendant's reliance on *Aristocrat* is misplaced because that decision addresses a means-plus-functions claim.  The court in *Aristocrat* noted that "[i]n cases involving a computer-implemented

invention in which the inventor has invoked means-plus-functions claiming, this court has
consistently required that the structure disclosed in the specification be more than simply
a general purpose computer or microprocessor." *Aristocrat*, 521 F.3d at 1333. The
patentee in this case has not sought to invoke the means-plus-functions claim; it is
Defendant who tries to impose the means-plus-functions limitation when the claim does
not reference the word "means."

Moreover, the claim element is recited in the first part of the claim: "a data
processor including at least a plurality of." (Dkt. no. 24-1 col. 7:16.) The term "said
processor" refers back to the recited element of "data process including at least a
plurality of," which provides the structure for performing the function. The specification
also provides an example of a formula for calculating the overall fitness age. (*Id.* col.
5:43-53.) The specification discloses this formula as a preferred embodiment (*id.* col.
2:5-13.), which is covered within the scope of claim 4. *See On-Line Techs., Inc. v.
Bodenseewerk Perkin-Elmer GmbH*, 386 F.3d 1133, 1138 (Fed. Cir. 2004) ("[A] claim
interpretation that excludes a preferred embodiment from the scope of the claim is rarely,
if ever, correct.").

The Court thus adopts Plaintiff's proposed construction.

### 3. "at least a selected plurality"

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| at least two | Initial construction:   A plurality of fitness parameters selected from the set of recited fitness parameters.<br><br>Revised construction:  Some of the fitness parameters selected from the set of recited fitness parameters.[3] |

///

///

---

[3]During the *Markman* hearing, Defendant modified its proposed construction after acknowledging that its initial proposed construction was circular.

1    The first issue for the Court to resolve is whether the two terms "at least a

2  selected plurality" and "at least a plurality" carry the same meaning.  Plaintiff contends

3  the terms are synonymous. Defendant argues that the inventor differentiated the two

4  terms and the former is used to introduce fitness parameters while the latter is used to

5  introduce data structure.  Defendant proposes that in the context of fitness parameters,

6  the term should be construed to mean "some of the fitness parameters selected from the

7  set of recited fitness parameters" while in the context of data structure, the term means

8  "including at least the set of recited data structures."  Even accepting the distinction that

9  Defendant advances, its proposed construction is problematic for three reasons.  First,

10  Defendant's proposed construction results in different meanings of the word "plurality" in

11  different contexts; it means "some" in the context of fitness parameters and "all" in the

12  context of data structures.  Second, Defendant's proposed construction is inconsistent

13  with the ordinary meaning of the word "plurality."[4]  Finally, Defendant's proposed

14  construction is contrary to the plain language in the specification.  The inventor teaches

15  that "other parameters may be used to calculate fitness age . . . . one does not need

16  each of the parameters of heart recovery rate, flexibility, strength and body fat and may

17  instead select only a plurality of these factors to determine a fitness age." (Dkt. no. 24-1

18  col. 6:34-41.)  In contrast, Plaintiff's proposed construction is consistent with the ordinary

19  meaning of the word "plurality."

20    The Court recognizes that "claims are interpreted with an eye toward giving effect

21  to all terms in the claim." *Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 950 (Fed. Cir.

22  2006). However, Plaintiff's proposed construction does not render the word "selected"

23  superfluous.  In the context of the claims, both terms, "at least a selected plurality" and

24  "at least a plurality," mean the same thing.  Defendant may be correct that the former is

25  used in connection with fitness parameters while the former is used in connection with

26  _____

27    [4]Defendant claims to agree with Plaintiff that the ordinary meaning of "plurality" is
two or more, but argues that this is not the meaning in the context of this patent. (Dkt.
28  no. 46 at 46.)

1  data structures, but the word "selected" does not change the meaning of the word

2  "plurality."

3      The Court adopts Plaintiff's proposed construction.

4          **4.      "at least a plurality"**

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| at least two | Including at least the set of recited data structures |

8      As discussed above, the Court agrees with Plaintiff's proposed construction.

9

10         **5.      "data input means"/"for inputting data into the processor data corresponding to physical measured parameters of the individual heart recover rate, flexibility, strength and body fat composition"**

11

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Function: inputting data<br><br>Structure:   keyboard,   mouse   and equivalents | The recited function is: "inputting data into the processor data corresponding to physically measure parameters of the individual of heart recovery rate, flexibility, strength and body fat composition."<br><br>The disclosure structure that performs the recited function is a keyboard or a mouse. |

18      The parties agree that § 112, ¶ 6 applies. They also agree on the structure, but

19  dispute the function.   Plaintiff contends that the means-plus-function phrase is "data

20  input means for inputting data into the processor." (Dkt. no. 24 at 17.) Defendant

21  contends that Plaintiff ignores the remainder of the phrase, which describes the function

22  so the means-plus function phrase is "data input means for inputting data into the

23  processor data corresponding to physically measured parameters of the individual of

24  heart recovery rate, flexibility, strength and body fat composition."  (Dkt. no. 25 at 27.)

25  Plaintiff argues that Defendant attempts to improperly read in the limitation that each

26  fitness parameters is required.

27      The Court agrees with Defendant that Plaintiff's proposed construction improperly

28  leaves out the remainder of the means-plus-function clause. Defendant's proposed

1   construction accounts for the types of data that must be inputted into the data processor

2   as the claim is written. Plaintiff suggests that the Court should construe the claim to

3   account for a typographical error — a missing comma between "processor" and "data" —

4   to correctly give meaning to the patentee's intent.

5       "T[]he district court can correct an error only if the error is evident from the

6   patent." *Group One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1303 (Fed. Cir. 2005).

7   "A district court can correct a patent only if (1) the correction is not subject to reasonable

8   debate based on consideration of the claim language and the specification *and* (2) the

9   prosecution history does not suggest a different interpretation of the claims." *Novo*

10  *Indus., L.P. v. Micro Molds Corp.,* 350 F.3d 1348, 1357 (Fed. Cir. 2003). Here, the

11  claimed error — the missing comma — is not evident on its face. The correction is subject

12  to reasonable debate, and Plaintiff does not offer what the prosecution history would

13  support.

14      Moreover, "courts may not redraft claims." *Chef America, Inc. v. Lamb-Weston,*

15  *Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004). Courts "must construe the claims based on

16  the patentee's version of the claim as he himself drafted it." *Id.* As the court in *Chef*

17  *America* noted, this rule of claim construction applies even where the construction of the

18  claim as written leads to a "nonsensical result." *Id.* In that case, the patent involved the

19  process for heating dough. It offered two examples to illustrate how the dough products

20  are prepared according to the process of the invention. Each example provides that the

21  dough product should be placed in a convection oven and "baked at temperatures" or "at

22  a temperature of" 680° to 850° F. *Id.* at 1372. The language in dispute in claim 1 of the

23  patent states: "heating the resulting batter-coated dough *to* a temperature in the range

24  of about 400° to 850° F." *Id.* at 1372 (emphasis added). The court noted that the

25  meaning of this term is unambiguous, but if the dough was to be heated to the specified

26  temperature, it would burn to a crisp. The court nevertheless rejected plaintiff's argument

27  that the use of "to" rather than "at" was a draftsman's mistake and should be corrected

28  so that the patent process could perform the function the patentee intended.

1   Likewise here, the Court cannot construe the claim to include a comma between

2   the words "processor" and "data" to reflect the inventor's intent that "data" need not

3   include all enumerated parameters.  Moreover, adding the comma does not resolve the

4   problem with Plaintiff's construction.  The term would still require the same construction

5   and does not leave open the option for "data" to include some (or even a "plurality") of

6   the enumerated parameters.

7   The Court adopts Defendant's proposed construction.

8   6.   "Assigned [heart recovery, flexibility, strength, body
9        composition] fitness age"

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
| --- | --- |
| No construction needed | These terms have the form of:  assigned [physical parameters] fitness age.  An "assigned heart recovery fitness age" is an age of the individual having a given heart recovery rate.  An "assigned flexibility fitness age" is an age of an individual having a given flexibility.  The same form applies to the remaining two cited parameters. |

17   Plaintiff argues that no construction is needed and neither offers a counter

18   argument nor disputes Defendant's proposed construction. "Claim construction is a

19   matter of resolution of disputed meanings and technical scope, to clarify and when

20   necessary to explain what the patentee covered by the claims, for use in the

21   determination of infringement." *U.S. Surgical Corp. v. Ethicon, Inc.,* 103 F.3d 1554, 1568

22   (Fed. Cir. 1997). The terms at issue are technical and require construction to explain

23   what the inventor covered by the claim.

24   Defendant's response brief offers support for its proposed construction from the

25   patent. (*See* dkt. no. 25 at 8-17.) The Court agrees with Defendant and adopts

26   Defendant's proposed construction.

27   ///

28   ///

1
2

7.    "A [first/second/third/fourth] data structure containing data correlating [physical parameters] to an Assigned [physical parameter] Fitness Age"

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| No construction is required | The way stored data is organized where the stored data correlates a given value to a corresponding assigned fitness age for the given value. |
| | "Correlating" means to relate so that each of the data, a corresponding physical parameter fitness age is assigned. |

As with the term above, Plaintiff contends no construction is required, but does not dispute Defendant's construction or offer its own proposed construction. Defendant cites to the specification as support for its proposed construction, which mainly gives another definition to the word "correlating." The Court finds that Defendant's proposed construction does not help clarify the term. Claim construction "is not an obligatory exercise in redundancy." *U.S. Surgical Corp.*, 103 F.3d at 1568. Moreover, the word "correlating" is not a technical term or a term of art and needs no construction. The Court therefore declines Defendant's request to construct this term.

IV.    **CONCLUSION**

It is therefore ordered that the disputed claim terms are to be construed consistent with this Order. It is further ordered that Defendant's request for the Court to construe the term "a [first/second/third/fourth] data structure containing data correlating [physical parameters] to an assigned [physical parameter] fitness age" is denied.

ENTERED THIS 10th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

14